# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

---

No. 1:09-CV-146

---

GORDON D. BARNETT

Plaintiff

v.

U.S. DEPARTMENT OF LABOR

Defendant

---

**Memorandum Opinion Re Cross Motions for Summary Judgment**

---

Pending are cross motions for summary judgment which join issue over whether redacted witness statements obtained by the United States Department of Labor's Occupational Safety & Health Administration ("OSHA") while investigating an oilfield workplace electrocution in Sundown, Texas, on August 21, 2007, must be disclosed under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq*.

Governing legal principles establish that (a) exemptions to disclosure are explicitly limited; (b) when the Government withholds information from disclosure, it has the burden to prove *de novo* that the information is exempt from disclosure; (c) when judging agencies' attempts to withhold information,

courts use a strong presumption in favor of disclosure; (d) since FOIA calls for broad disclosure of government records, all exemptions to full disclosure are narrowly construed; (e) specific motives of the party making the FOIA request are irrelevant; and (f) in the FOIA context, traditional Rule 56 standards for summary judgments are modified such that the court may not grant summary judgment based on a conclusory and generalized assertion.

With such principles in mind, the court has weighed the public's interest in disclosure against the individual witnesses' right to privacy and protection from employer retaliation under Exemption 7(C), and has determined that the public interest outweighs the individuals' interest *except* with respect to protection of the individuals' names, addresses, telephone numbers, social security numbers and similar personal identifiers. The court further has determined that express assurances of confidentiality were given to the witnesses such that Exemption 7(D) applies, but only to the extent of protecting the above information plus any substantive factual information that reasonably can be expected to disclose the identity of a witness. The court has conducted a segregability analysis, and has determined that some of the withheld factual information reasonably could be used to link information to a confidential source whereas some could not.[1] Accordingly, each party's motion will be granted in part and otherwise denied.

---

[1]      Among the eight contested pages are two versions of a confidential witness's statement. One is in the witness's own hand such that handwriting analysis could be used to link the statement to its source. The other version is transcribed. The two versions are virtually identical with regard to content, but have some minor, insignificant grammatical differences. The court will order portions of the transcribed statement disclosed, but will not order any of the handwritten statement disclosed.

An order granting each pending motion in part will be entered separately. The order will specifically identify which portions of the statements in question may be withheld and which previously redacted portions must be disclosed.

SIGNED this __15__ day of March, 2010.

_____
Earl S. Hines
United States Magistrate Judge